FILED
SUPERIOR COURT
OF GUAM

2020 NOV -9 PM 4: 33

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM ,

                Plaintiff,

      vs.

JEFTA MOSES,
DOB: 08/22/1999

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO.: CF0405-18

**Decision and Order:
Defendant's Motion to Dismiss the
Indictment or, in the Alternative to Dismiss
the First, Second, and Fourth Charges of
the Indictment for Lack of Particularities**

## I.    INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on August 10, 2020 as a Motion Hearing for Defendant Jefta Moses's ("Defendant") Motion to Dismiss the Indictment or, in the Alternative to Dismiss the First, Second, and Fourth Charges of the Indictment for Lack of Particularity (July 1, 2020). Defendant is represented by Assistant Alternate Public Defender Heather M. Zona. Assistant Attorneys General Brendalyn Joseph and Christine Tenorio represent the People of Guam (the "People"). All parties were present at the hearing via Zoom platform as authorized by the Guam Supreme Court in Administrative Order No. ADM No. 001-20 (July 1, 2020). The court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.

After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motion and DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE TO DISMISS THE FIRST, SECOND, AND FOURTH CHARGES OF THE INDICTMENT FOR LACK OF PARTICULARITY, for the reasons specific to the Motion and as memorialized herein.

## II.    BACKGROUND

Defendant was charged pursuant to a Magistrate's Complaint (July 3, 2018). Ten days later a grand jury returned a true bill and Indictment (July 13, 2018) against Defendant on one count of Aggravated Assault (As a Third Degree Felony); one count of Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony); one count of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor); and one count of Unlawful Restraint (As a Misdemeanor).

The charges stem from an alleged assault of A.D. (DOB 12/12/1996) ("Alleged Victim") which took place on July 2, 2018 while the Alleged Victim was walking home along the Okkodo Pipeline near Swamp Road in Dededo at approximately 7:15PM. Guam Police Department Officers responded to a call made by a stranger after the Alleged Victim had run onto the stranger's property after interacting with the Defendant. A police report was then filed based on the Alleged Victim's testimony to the officers. Defendant was not present when the officers arrived but was later apprehended and charged.

On July 1, 2020, Defendant filed a Motion to Dismiss the Indictment based on hearsay evidence presented during the Grand Jury Proceedings and the People's failure to present exculpatory evidence to the Grand Jury or, in the Alternative to Dismiss the First, Second, and

Fourth Charges of the Indictment for Lack of Particularity ("Motion"). The People filed an Opposition on July 23, 2020. Defendant filed a Reply on July 31, 2020. The Motion was heard on August 10, 2020. Following the close of the pleadings and the hearing on the motion and after this court already took the motion Under Advisement pursuant to CVR 7.1, the Defendant, without leave of court, filed a Notice of Additional Authority Relevant to his Motion to Dismiss the Indictment on August 18, 2020. The court does not consider the additional legal authority because it was filed without Defendant's counsel first seeking leave of court pursuant to the applicable Rules of Criminal Procedure,[1] was filed beyond the motions cutoff date of July 22, 2020 provided in Defendant's Notice of Motion (July 1, 2020), and submitted more than a week following the hearing on the motion and the matter being placed "Under Advisement" by the Court pursuant to CVR 7.1.[2]

## III.    LAW AND ANALYSIS

Defendant requests dismissal of all of the charges set forth in the Indictment based on two points: first, that the submission of hearsay evidence by the People was improper and failed to meet the evidentiary competency standard required during grand jury proceedings and second, that the People failed to present exculpatory evidence to the grand jury that would have tended to show that the Defendant was not guilty of the offenses contained in the indictment.

---

[1] As supplemented by applicable provisions of the Guam Rules of Civil Procedure.

[2] *Compare, People v. Dre Flores,* Criminal Case No. CF0216-18 (Decision and Order)(June 17, 2019) extending the time for the parties to submit additional briefing and argument, pursuant to its authority under CR 1.1(e), which counsels are reminded to ensure compliance therewith. A finding of "good cause" to allow the extension of time in which to file briefs or submit arguments, including additional case authority, shall not be vacated or changed without good cause determined by the assigned judge and described on the record orally or in writing. Criminal Rules of Procedure Rule CR 1.1. Defendant's filing of additional authority without seeking leave of this court to do so denies the People an opportunity to respond to the additional argument and is, therefore, not considered by this court herein. It is additionally pertinent that the additional legal authority is a decision which was issued by the Honorable Arthur R. Barcinas in 2016. This Decision was available to Defendant since 2016 and is not a change in the law, nor is it controlling as precedent in this case because it is not an Opinion of the Guam Supreme Court. Counsels are reminded to comply with all applicable rules with respect to the filing of pleadings before the courts of Guam.

Alternatively, Defendant requests the dismissal of the First, Second, and Fourth charges of the indictment for lack of particularity for failing to place him on sufficient notice of the charges against him.

### A.    Hearsay May Form the Basis of Grand Jury Indictment.

Defendant argues that the Indictment against him should be dismissed because hearsay evidence presented to the grand jury is not "competent evidence" as required under the statute. Defendant asserts that because the police officer who testified before the grand jury did not author the police report about which he testified, he was testifying outside his personal knowledge, and, therefore, his testimony was impermissible hearsay. Mot. at 7-8.[3] Defendant argues that the Indictment should be dismissed because it was based solely on hearsay evidence, which is incompetent evidence and inadmissible in grand jury proceedings. In opposition to the Motion, the People contend that hearsay is admissible in grand jury proceedings; therefore, the grand jury received competent evidence within the meaning of 8 GCA § 50.42. Opp. at 7.

Defendant relies on 8 GCA § 50.42 and requests this Court to dismiss the Indictment because it was based entirely on hearsay, on the testimony of "a single witness as to what was contained in the police report ... [who] had no personal knowledge of the events purportedly reflected in the report." *Mot.* p.13. As a threshold matter, the provision upon which Defendant seeks to challenge the competency of the evidence received by the grand jury operates with the caveat that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 G.C.A. § 50.42.

---

[3] The police report "purportedly contained statements of witnesses as reported to police officers, none of whom testified before the grand jury, and all of the statements were offered for the truth of the matter asserted." Mot. at 9.

The Supreme Court of the United States has found that allowing trial courts to review the findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. U.S.*, 350 U.S. 359, 364 (1956). In that vein, the Costello court opined: "No case has been cited nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof...." (quoting *U.S. v. Reed*, 27 Fed.Cas. pages 727, 738, No. 16,134).

Citing *Costello*, the Ninth Circuit Court of Appeals in *People of Guam v. Quidachay*, 815 F.2d 1311 (9th Cir. 1987), declared that "[t]he [United States] Supreme Court has held that there is no constitutional prohibition against presenting hearsay to a grand jury or against hearsay forming the basis for an indictment." *Quidachay*, 815 F.2d at 1312. *Costello* and *Quidachay* remain good law today. Thus, despite Defendant's urging to reject the legal authority which absolutely controls this court's decision, hearsay, when considered by a grand jury, is "competent evidence" for the purposes of 8 GCA § 50.42.[4]

Counsel for the defense dedicates a significant portion of the motion to dismiss urging the court to rule contrary to established and controlling precedent as to what constitutes "competent evidence." Thus, it is important for this court to address the issue with more attention here.

---

[4] It is noteworthy that the Ninth Circuit in *Quidachay* found that the previous version of 8 GCA § 50.42 restricted the evidence that court be received by a grand jury, noting: "[T]he Territory of Guam is not precluded from establishing a more restrictive rule. A former version of section 50.42 of 8 Guam Code did restrict the evidence that could be received by a grand jury. The former section provided: 'The grand jury shall receive only evidence which would be admissible over objection at the trial of a criminal action but the fact that evidence which would have been excluded at trial was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.'"

The Compiler's note to Section 50.42 declares as follows:

Section 50.42, as amended by P.L. 15–94, § 7, lowers the standard of evidence required to be presented before the grand jury, requiring that evidence only be competent, rather than requiring that evidence be admissible over objection at a trial. The former section, which was substantively the same as § 939.6 of the California Penal Code, proved unworkable and led to many unnecessary reversals and dismissals of indictments for purely technical reasons. In most instances, the indictments were resubmitted and new indictments returned by the grand jury. No rights of the defendants were materially helped by the former section, but delays were frequent. There have been few, if any interpretations of this amended section since its adoption, but indictments have proceeded in a smoother fashion.

8 GCA § 50.41, *Compiler's Note.* Discussing the District Court's analysis, the Ninth Circuit found that the Note "indicates that the legislature sought to lessen the restriction on evidence that could be presented to a grand jury." (emphasis added). Finally, the appellate court ruled that "the Guam Legislature, by amending the requirement that the evidence presented to a grand jury must be 'evidence which would be admissible ... at trial' to a requirement that it be 'competent evidence,' desired to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability." *Id.* at 1313.

As the court in *People v. Quidachay* stated in reference to *Costello,* the function of a grand jury is only to determine whether evidence is sufficient to charge a person with a crime. The *Costello* court interpreted the meaning of "competent evidence" in 8 G.C.A. § 50.42 to create minimal restrictions of reliability. *Quidachay* developed the standard further by stating that if the evidence is such that a reasonable person would rely upon, then it is competent within the meaning of the statute. *People v. Quidachay,* 815 F.2d 1311, 1313 (9th Cir. 1987).

As such, the evidentiary standard for the grand jury proceedings falls more closely in line with a reasonableness standard and not one of admissibility, as was argued by the Defendant. The officer's testimony in the grand jury proceeding regarding the police report upon which the

charges were based, even if hearsay, does not fall below the standard of "competent evidence" articulated in *Quidachay* and provides a sufficient basis for the Indictment. Defendant's reliance on *People v. Tedtaotao,* 2016 Guam 9, is also misplaced. *Tedtaotao* addressed the admissibility of hearsay evidence in the context of a trial before a *petit jury,* not a grand jury and is, therefore, not relevant to the instant motion.

Because the Court finds *People v. Quidachay* is still good law and, more importantly, controlling precedent upon this Court as specifically addressed in *In Re Camacho,*[5] applying the law to the circumstances, the Court finds that the hearsay testimony of the single witness presented to the grand jury is sufficient under 8 GCA § 50.54 and the Court DENIES the motion to dismiss the Grand Jury indictment merely because it was based on hearsay testimony.

## B. Dismissal Based on Failure to Present Exculpatory Evidence

Defendant next argues that the People have failed present exculpatory evidence to the grand jury and as such the Indictment should be dismissed. Mot. at 16. The exculpatory evidence to which Defendant refers is evidence that the Alleged Victim in this matter refused medical treatment and that she refused police requests to photograph any injuries sustained by her related to Defendant's actions in this matter. Defendant argues that this constitutes exculpatory evidence because the refusal of medical treatment and refusal to have her injuries photographed tend to indicate that Defendant failed to perpetrate any injuries on the alleged victim. *Id.*

---

[5] Holding "[p]recedent [from the Appellate Division of the District Court of Guam] that was extant when [the Guam Supreme Court] became operational continues unless and until [the Guam Supreme Court] address the issues discussed there. [The Guam Supreme Court] will not divert from such precedents unless reason supports such deviation." 2006 Guam 5 (quoting People v. Quenga, 1997 Guam 6) (emphasis added). *See also,* this court's Decision and Order in *People v. Flores,* Criminal Case No. CF0216-18 (June 17, 2019).

The People argue in contrast that that an assault victim's choice not to seek medical attention or be photographed does not tend to negate the defendant's guilt and that the victim's decision in this case could be explored on examination in trial but is not exculpatory. The People submit that the grand jury received evidence of the Alleged Victim's injury through the testifying officer's observation of the injury and the Alleged Victim's account of the incident. It was also argued by the Defense that the Grand Jury did not ask any questions regarding the Alleged Victim's decision, therefore, the Grand Jury failed somehow to comply with its "duty to investigate."

Guam law requires the prosecuting attorney to submit to the grand jury "any evidence in his or her possession which would tend to negate guilt." 8 GCA § 50.46 (2005)(emphasis added); see People v. Sablan, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (explaining that § 50.46 is based on § 939.7 of the California Penal Code, which the California Supreme Court has interpreted to require the prosecutor to provide exculpatory evidence to the grand jury). The prosecutor's obligation extends to evidence which tends to negate guilt, but does not require informing the grand jury of lesser included offenses, nor does it require providing the grand jury with evidence establishing an affirmative defense. *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. Div. 1987); *People v. Sablan*, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (citing *People v. Snow*, 72 Cal.App. 3d 950 (1977)). While the only case law in this jurisdiction dismissing exculpatory evidence presented to the grand jury comes from the District of Guam Appellate Division, it is still controlling unless overturned by the Guam Supreme Court. *In Re Camacho*, 2006 Guam 5 (quoting People v. Quenga, 1997 Guam 6). However, that case does not address whether a victim's decision not to have her injuries photographed or seek medical attention for her injuries constitutes "exculpatory evidence." Moreover, Defendant points to no

case authority from Guam, or any jurisdiction, where the court dismissed an indictment based on the failure to provide evidence of a victim's refusal to be treated following an alleged sexual assault. Because no legal authority has been cited in support of the Defendant's urging that the court find that the refusal of an alleged victim of rape to seek treatment constitutes exculpatory evidence in the context of evidence presented to a grand jury, the court denies such relief.

Defendant has also failed to provide legal authority regarding any duty of a grand jury to investigate a victim's decision not to receive treatment or photograph her injuries in the context of exculpatory evidence. Therefore, the court does not address it here.

### C.   Dismissal Based on the Indictment's Lack of Particularity

Defendant finally argues that with the exception of the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), the Indictment does not place him on sufficient notice as to which activities are being charged because the First, Second, and Fourth charges of the Indictment do not articulate facts and simply list the elements of crime. Mot. at 17-18. As a result, he contends that he is unable to effectively prepare his defense. *Id.* The People counter that the First, Second, and Fourth Charges of the Indictment have been articulated with sufficient particularity to place the Defendant on notice as to which activities are being charged. The People also argue that if the Charges have not been articulated with sufficient particularity then the appropriate remedy is a bill of particulars. Opp. at 10.

Guam law states that, "[t]he indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. "An indictment which tracks the words of the statute charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *People v. Torres*, 2014 Guam 8 ¶ 20. "A motion for a bill of particulars is appropriate

where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The Guam Supreme Court has held that an indictment is sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense. *Guam v. Jones*, 2006 Guam 13, ¶ 12 (Guam Oct. 17, 2006), referencing *People v. Salas*, 2000 Guam 2 ¶ 19. Additionally, when determining whether a request for a bill of particulars is appropriate, the court must consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Long*, 706 F.2d at 1054.

The Indictment in this case tracks the language of the statutes Defendant is charged with violating. The Indictment also sets forth the elements of the offenses listed. The record and all disclosures made by the People indicate all the facts that the People intend to rely on in this case. Defendant is also in possession of the grand jury disk and all police reports filed in this case. The Court finds that through the averments set forth in the Indictment and the disclosures made by the People, the Defendant is in no danger of surprise at trial, can adequately prepare his defense, and is not in danger of double jeopardy.

Additionally, the court finds that should Defendant still need further clarification regarding the charges he is facing, he may request for a bill of particulars which is "designed to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy. *Long*, 706 F.2d at 10540. In this case, a bill of particulars would be the appropriate remedy if the Defendant successfully proffers that clarification is needed regarding the charges he is facing. However, the court finds that, because the First, Second, and Fourth charges of the indictment place the Defendant on

sufficient notice of the charges being brought against him as required under the applicable law, the Motion to Dismiss on these grounds is DENIED.

## IV. CONCLUSION

For the reasons set forth herein, the Court DENIES Defendant's motion. An indictment based on hearsay evidence is permissible. The People did not withhold exculpatory evidence by failing to inform the grand jury of the Alleged Victim's refusal to have her injuries photographed or to receive medical treatment. Finally, a motion for bill of particulars, rather than dismissal is sufficient relief for a defendant who lacks clarity on the specifics of the charges he is facing. Such motion, however, must be made by the Defendant with notice as required under the provisions of the Guam Rules of Criminal Procedure.[6]

**SO ORDERED** this ___NOV 0 9 2020___.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
__AG , APO__

Date: 11/9/20 Time: 4:44pm
Antonio Cruz
Deputy Clerk, Superior Court of Guam

---

[6] As a final matter, Defendant seeks the dismissal of the Indictment as a sanction to be imposed upon the People for its "repeated use of excessive hearsay." *Def.'s Reply Brief* at p. 8. Because the court finds that the hearsay testimony presented to the grand jury does not run afoul of the Guam statute or the applicable legal authority, the court denies any request for sanctions against the People.